OPINION OF THE COURT
Memorandum.
Ordered that the order, insofar as appealed from, is reversed, without costs, and, upon reargument, defendant’s motion to dismiss the complaint is denied.
Plaintiff, a subcontractor, commenced this action to recover the balance allegedly due for home improvement work plaintiff had performed at two residences located in Suffolk County, New York, at the request of defendant, a general contractor. Plaintiff asserted separate causes of action, alleging breaches of two contracts, that it was entitled to recover the fair and reasonable value of goods provided and services rendered, and an account stated. Defendant moved to dismiss the complaint pursuant to CPLR 3211 (a) (3) and (7), arguing that because plaintiff had not been licensed as a home improvement contractor in Suffolk County at the time the alleged contracts had been made and the work in issue had been performed, plaintiff was not entitled to recover. The District Court denied defendant’s motion. However, upon a subsequent motion, which the court deemed to be for re-argument, it granted defendant’s motion to dismiss based upon plaintiffs lack of a home improvement license.
Home improvement contractors working in Suffolk County are required to be licensed (Code of Suffolk County § 563-17). The purpose of the Suffolk County Legislature, in enacting such licensing requirements, was to enhance “the health, safety and general welfare of the consumers of Suffolk County” (Code of Suffolk County § 563-1). Here, however, the action is not against a “consumer,” which we interpret here to mean a homeowner, but, rather, against a licensed contractor, the entity in privity *22 with the homeowners in the home improvement project at issue.
It was undisputed that defendant, which was licensed to do home improvement contracting in Suffolk County at all times relevant to this case, had employed plaintiff as a subcontractor on a series of home improvement jobs in Suffolk County prior to the contracts in issue. Moreover, plaintiff asserted, and defendant did not deny, that defendant’s principals were fully aware of plaintiffs lack of a home improvement license in Suffolk County at the time the parties had entered into the contracts in issue; that they had affirmatively represented to plaintiff that he could work under the umbrella of defendant’s home improvement license while performing his contracts with plaintiff and that they would pay plaintiff to perform such work; and that plaintiff had relied on those representations when he had entered into and performed the subcontracts in issue. In these circumstances, and, in particular, as the action is not against the homeowners, considerations of fundamental fairness warrant the application of an estoppel barring defendant general contractor from seeking to have the complaint dismissed on the ground that plaintiff lacked a home improvement license. We note that defendant’s undertaking to plaintiff was clear and unambiguous, that plaintiff’s reliance on defendant’s representations was reasonable and foreseeable, and that, were defendant permitted to avoid the obligations it undertook to plaintiff, plaintiff would suffer an unconscionable injury and defendant would be unjustly enriched.
Accordingly, the order, insofar as appealed from, is reversed, and upon reargument, defendant’s motion to dismiss the complaint is denied.
Nicolai, EJ., Iannacci and LaSalle, JJ., concur.